NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 13, 2019[*]
Decided March 14, 2019

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-2601

| | |
|---|---|
| JOSEPH REINWAND,<br>    *Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Western District of Wisconsin. |
| *v.* | No. 17-cv-538-bbc |
| NATIONAL ELECTRICAL BENEFIT<br>FUND,<br>    *Defendant-Appellee*. | Barbara B. Crabb,<br>*Judge*. |

## O R D E R

Joseph Reinwand, a Wisconsin inmate, challenges the entry of summary judgment on his suit under the Employee Retirement Income Security Act, 29 U.S.C. § 1132, asserting claims against the pension fund of his former employer. The National Electrical Benefit Fund (the "fund") had suspended Reinwand's benefits upon learning that his social security benefits had been terminated when he was incarcerated. The district court concluded that the fund's determination was reasonably supported by the

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

record. Because the district court's decision was neither arbitrary nor capricious, we affirm.

Reinwand, formerly an electrical worker, received monthly disability benefits from the fund between the mid-1990s and 2012 (he is a vested fund participant). He qualified for and received a pension because he was entitled to federal disability benefits from the Social Security Administration (a Social Security award was sufficient proof of total disability under the fund's plan). In 2012, the fund cut off Reinwand's pension benefits after learning that his social security benefits had been terminated upon his incarceration. *See* 42 U.S.C. § 402(x).

Reinwand has since applied several times to submit proof of his disability to have his benefits reinstated, without success. The first time, in 2012, he submitted a single-page medical form that the fund rejected. The second time, in 2014, he submitted the same form, filled out by a different physician; the fund rejected that submission as well.

In late 2014, Reinwand sued the fund for reinstatement of benefits. The district court denied his request, but found that the fund had denied his claim without explanation, and so it remanded his claim to the fund administrator.

In 2016 Reinwand submitted his third application, attaching the same medical form, filled out by a different physician, that listed his diagnoses as post-traumatic stress disorder, sleep problems, and alcohol abuse, and stated that he "remains unable to work." This time, the fund sought outside medical experts to evaluate Reinwand's application. Shawn Clausen, M.D., concluded that Reinwand "was able to work at the electrical trade." And an independent psychiatrist, Dr. William Holmes (employed by a third party medical reviewer, the Medical Review Institute of America, Inc.), opined that no evidence supported Reinwand's claim of "total disability." A determination of total disability required "detailed evidence of the ways in which the patient's symptoms interfere with the patient's daily functioning to the extent that the patient would be unable to work," Holmes explained, and Reinwand had not presented evidence to show how his psychiatric condition prevented him from working. The fund denied Reinwand's application.

Reinwand then sued the fund again, but this time the district court upheld the fund administrator's decision. The court concluded that the fund's decision to deny benefits was reasonable and adequately justified. As the court noted, Reinwand's

evidence was "meager" (just a single "conclusory" opinion from his treating physician listing his diagnoses and a couple of symptoms, unsupported by medical records or treatment history), and the fund reasonably relied on Dr. Holmes's opinion and the lack of objective medical evidence to conclude that Reinwand's condition did not meet the fund's definition of total disability.

On appeal Reinwand first challenges the district court's characterization of his medical reports as "conclusory." But the medical form filled out by his treating physician was the same form that the fund had twice rejected as insufficient and unsupported, and the fund had advised him that he would need to submit medical proof of his disability. The fund reasonably based its denial of his application on the opinion of outside medical experts, two of whom concluded the medical reports did not demonstrate disability.

Reinwand also argues that the language used by Dr. Holmes to define total disability[1] conflicts with the fund's own definition,[2] and by adopting the doctor's opinion, the fund orally modified his benefits plan. But this reading is not correct. The fund quoted Dr. Holmes's language only to flesh out the basis for his opinion; the test that the fund in fact applied was its longstanding definition of disability:

> After reviewing the entire record here, including the aforementioned Medical Reports and [Dr. Holmes's] written opinion, we have determined that you have not met the definition of disability set forth *above* since at least March 2012. (emphasis added).

NEBF Denial Letter, March 21, 2017. The reference to "above" can refer only to the fund's previously quoted definition. The fund's decision to deny benefits was adequately supported by the record and was neither arbitrary nor capricious. *See Jackman Fin. Corp. v. Humana Ins. Co.*, 641 F.3d 860, 864 (7th Cir. 2011).

---

[1] "A determination of total disability would require detailed evidence of the ways in which the patient's symptoms interfere with the patient's daily functioning to the extent that the patient would be unable to work."

[2] "Specifically, the evidence must show that the participant is "unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected … to last for a continuous period of not less than twelve (12) months …."

We have considered Reinwand's remaining arguments, and none has merit. We AFFIRM.